## STATE *vs.* JESSE C. MAYNARD.

The act of 1868 which provides for the appointment and prescribes the duties of registrars of elections, requires that the registrars take a certain oath be-

fore entering upon the duties of their offices, and imposes a penalty for a refusal or neglect to perform any of the duties prescribed by the act. Held that the taking of the oath was not in itself one of the "duties" for the neglect of which the registrar was liable to the penalty.

INFORMATION against the defendant as registrar of voters, for acting officially without having taken the oath required by the statute ; brought to the Superior Court in New London County and tried to the jury, on the plea of not guilty, before *Park*, *C. J.* Verdict guilty, and motion in arrest of judgment by the defendant, for the insufficiency of the information, which motion was reserved for the advice of this court. The case is fully stated in the opinion.

*Wait* and *Halsey*, in support of the motion.

*Chadwick*, State Attorney, and *Pratt*, contra.

CARPENTER, J. The defendant was informed against under the 18th section of the act of 1868, relating to elections and electors which provides, that if any person shall, "without just and reasonable cause, neglect or refuse to perform any of the duties required of him by the act," he shall be punished by fine or imprisonment. There are other counts in the information for other offenses under the same section, but as the defendant was acquitted on those counts, it is only necessary to consider the sufficiency of the first count, on which he was convicted. The offense therein alleged against him was for refusing to take the oath required by law for persons elected registrars.

The oath is provided for in the 3d section of the same act, which reads : "All registrars and deputy registrars shall, before entering on the duties of their office, take the oath by law provided for executive and judicial officers," &c.

We think the word " duties " in these two sections must have the same meaning, and comprehends only the official acts to be done by the officer after being duly sworn. It is true it was the duty of the defendant to take the oath required by law, but that duty, like the one to be faithful and diligent, and to use his best skill and judgment, was not one of the duties contemplated by the 18th section. A violation

of that duty is provided for elsewhere. The 46th section, title 7, chapter 2, Revised Statutes, page 105, provides that if any person shall refuse to serve in the office to which he shall have been duly chosen, or shall refuse to take the oath prescribed by law, &c., he shall forfeit the sum of five dollars. That statute is applicable to the case and imposes a penalty recoverable by the town treasurer.

We cannot presume that the legislature intended to subject a person who refuses to take the oath as registrar to the additional penalties prescribed by the act of 1868.

We advise the Superior Court to arrest the judgment.

In this opinion the other judges concurred; except PARK, C. J., who having tried the case in the court below did not sit.